UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

MEHMET SADIK CETIN,
Petitioner,
v.
MARKWAYNE MULLIN, et al.,
Respondents.

Case No.: 3:26-cv-5767-JES-SBC

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Mehmet Sadik Cetin's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's Order to Show Cause (ECF No. 2), Respondents filed a Return to the Petition and Petitioner filed a Traverse. ECF Nos. 4, 5.

Petitioner is a native of Türkiye who was processed and paroled into the United States in June of 2022. ECF No. 1 at 2. Respondents issued Petitioner a Form I-220A, and Petitioner became subject to an "Order of Release on Recognizance." *Id.* Further, Respondents issued Petitioner an "Interim Notice Authorizing Parole" confirming that ICE elected to parole Petitioner pursuant to 8 U.S.C. § 1182(d)(5)(A). *Id.* Since June 2022, Petitioner alleges that he remained at liberty within the United States, attended all mandated periodic check-ins, and pursued an asylum claim before USCIS. *Id*. Despite this,

on October 5, 2026, Petitioner was pulled over by ICE agents while driving and subsequently taken into custody. *Id.* at 3. Petitioner alleges that Respondents did not provide him with any prior notice that his liberty would be revoked, no individualized explanation for his re-detention, and no opportunity to contest the revocation of his liberty before a neutral decisionmaker. *Id*. He has since been transferred from detention in downtown San Diego to the Otay Mesa Detention Center, where he is currently detained. *Id.*

In their return, Respondents confirm that Petitioner had previously been released from immigration custody on humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5). ECF No. 4 at 2. Respondents acknowledge that they have "insufficient information regarding termination of that parole" to supply to the Court. *Id.* Respondents further state that they do not oppose the petition and "defer[] to the Court on the appropriate relief." *Id.* at 3.

In light of Respondents' statements, the Court will decline to engage in a full analysis of the claims as well. Petitioner states that he was previously released by the government in June 2022. Many courts, including this one, have repeatedly held that a prior grant of release raises a liberty interest for the petitioner and entitles the petitioner to due process rights under procedural due process. *See, e.g.*, *Totskii v. LaRose*, No. 26-CV-1053-JES-JLB, 2026 WL 905331 (S.D. Cal. Apr. 2, 2026); *Isoev v. Larose*, No. 26-CV-1361-JES-DDL, 2026 WL 776308 (S.D. Cal. Mar. 19, 2026). Accordingly, the Court adopts its prior reasoning and finds that due process requires release of Petitioner here.

Thus, the Court **GRANTS** Petitioner's writ of habeas corpus. Respondents are **ORDERED** to **<u>immediately</u>** release Petitioner from custody, subject to any conditions of his prior release that existed at the time he was re-detained. The Parties are **ORDERED** to file a Joint Status Report by **<u>October 19, 2026</u>**, confirming that Petitioner has been released.

The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: October 15, 2026

Honorable James E. Simmons Jr.
United States District Judge